UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | Case No. 3:24-CV-394-CCB-SJF |
| EVAN J. TEMPLETON, | |
| Defendant. | |

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that he suffers from multiple sclerosis. There is no cure for MS, but medications are available that may decrease the symptoms of MS. Chandler began seeing Indianapolis neurologist Dr. Evan J. Templeton back in 2021, when he was housed at Correctional Industries Facility, and continues seeing him after his transfer to Indiana State Prison. Initially, Dr. Templeton started him on a new MS medication, beginning at a low dose and then doubling it after seven days. When Chandler started the double dose, he began experiencing side effects. He says it would feel like there was an animal in his stomach trying to eat its way out. After a week, Chandler chose to stop taking the medication.

Next, Dr. Templeton started Chandler on the MS medication Aubagio. Dr. Templeton increased the dosage after an MRI showed that one of Chandler's lesions was getting bigger. Chandler continued that medication after he transferred to Indiana State Prison, but following his transfer, he was constantly having flare ups. Chandler reports that he told Dr. Templeton every time he saw him about these flare ups, specifically problems with his gait, he would lock up to where he couldn't move for short periods of time, his speech would be affected, his vision goes in and out, his muscle cramps and spasms worsened, his anxiety increased, and some days he didn't feel like moving.

At a visit in February 2023, Chandler filled Dr. Templeton in about how he was doing and asked about possible causes for his problems and sought possible solutions. Chandler alleges Dr. Templeton was not really hearing him or trying to help solve the issues. Chandler stopped taking Aubagio in July 2023 after it felt like all his symptoms were flaring up.

Chandler next saw Dr. Templeton on January 2, 2024. He reported that he was having a bad time with his symptoms and had stopped taking Aubagio because he didn't think it was helping. Chandler suggested a different medicine that he had heard about. Chandler reports that Dr. Templeton didn't seem to be hearing him and recommended that he keep taking Aubagio.

A month later, on February 19, 2024, Chandler wrote Dr. Templeton a letter, telling him that he wanted to try an MS medication he had heard about that you take for five days once a year. Chandler did not get a response. Chandler complains that he usually sees Dr. Templeton for only 10-15 minutes at a time, and the doctor doesn't seem to be really listening to him. He sues Dr. Templeton for damages and asks the court to order that he be switched to a different MS medication.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an

2

objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Chandler does not plausibly allege that Dr. Templeton's care falls below constitutional standards. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024). Chandler's dissatisfaction with Dr. Templeton's choice of medication cannot be viewed outside the context of his entire treatment history. The complaint demonstrates that Dr. Templeton changed Chandler's medication once, when the side effects from that previous medication were too much for Chandler to tolerate. Then, Dr. Templeton changed the dosage of another medication in response to an MRI result. Although Chandler disagrees with Dr. Templeton's current decision to keep him on Aubagio,

there are no facts in the complaint that allow a reasonable inference that Dr. Templeton did not base that recommendation on his medical judgment. "Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 590–91 (7th Cir. 1996) (cleaned up).

This complaint does not state a claim for which relief can be granted. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kyle Chandler until **October 5, 2024**, to file an amended complaint; and

(2) CAUTIONS Kyle Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 3, 2024

                                            */s/ Cristal C. Brisco*
                                            CRISTAL C. BRISCO, JUDGE
                                            UNITED STATES DISTRICT COURT